**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**VINITA RAIMEY**                                                      **PLAINTIFF**

**V.**                                                      **NO. 3:23-CV-458-DMB-RP**

**SHARON D. GIPSON,**
**In Her Individual Capacity**                                                      **DEFENDANT**

## OPINION AND ORDER

Claiming she was wrongfully arrested and charged with assault based on a criminal affidavit signed by Holly Springs Mayor Sharon D. Gipson, Vinita Raimey sued Gipson asserting federal and state law claims. Gipson moves for judgment on the pleadings on all Raimey's claims. Because Gipson is not entitled to qualified immunity on Raimey's Fourth Amendment malicious prosecution claim or state law malicious prosecution claim, because Raimey does not sufficiently allege a First Amendment retaliation claim, and because Gipson did not brief the Fourteenth Amendment arbitrary governmental action claim, Gipson's motion will be granted in part and denied in part.

## I
## Procedural History

On November 30, 2023, Vinita Raimey filed a complaint in the United States District Court for the Northern District of Mississippi against Sharon D. Gipson in her individual capacity, alleging claims for (1) malicious prosecution prohibited by the Fourth Amendment, (2) "arbitrary governmental action" prohibited by the Fourteenth Amendment, (3) "retaliatory action" prohibited by the First Amendment, and (4) malicious prosecution under Mississippi state law. Doc. #1 at 3–4. Raimey attached to her complaint as exhibits (1) an "Affidavit in State Cases;" (2) a September 15, 2023, Order of the Justice Court of Marshall County, Mississippi; (3) a newspaper article titled,

"Gipson Loses Claim Against Employee;" and (4) her psychiatric medical records.

On January 23, 2024, Gipson filed a "Motion for Judgment on the Pleadings" "pursuant to Rule 12(c) of the Federal Rules of Civil Procedure," asserting that "she is entitled to qualified immunity, and [Raimey]'s complaint should be dismissed for failure to state a claim upon which can be granted."[1] Doc. #9. Raimey responded in opposition to the motion on February 6, 2024. Doc. #16. Doc. #17. Gipson did not reply.

## II
## Standard of Review

In analyzing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), courts apply the "same standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Laviage v. Fite*, 47 F.4th 402, 405 (5th Cir. 2022) (citation omitted). So "[t]o survive a Rule 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint meets this standard when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court "accept[s] all well-pleaded facts as true and construe[s] the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). But the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*.

These same pleading standards apply to a motion to dismiss based on qualified immunity. *Terwilliger v. Reyna*, 4 F.4th 270, 279–80 (5th Cir. 2021). "When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead 'facts which, if proved, would

---

[1] After filing the motion for judgment on the pleadings, Gipson filed an "Answer and Affirmative Defenses" the same day. Doc. #11. The next day, United States Magistrate Judge Roy Percy stayed all discovery and disclosure requirements pending a ruling on the motion. Doc. #12.

defeat [the] claim of immunity.'" *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023) (quoting *Waller*, 922 F.3d at 599).

### III
### Newspaper Article

Before detailing the factual allegations of the complaint deemed to be true, the Court will address the parties' dispute about whether the newspaper article attached to the complaint as an exhibit should be considered part of the pleadings for that purpose. Gipson argues the newspaper article "is completely irrelevant and need not even be examined, as it amounts to nothing but hearsay and cannot be used to offer any truth of any of the allegations in [Raimey's] Complaint."[2] Doc. #10 at 5. Raimey argues that "'in considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. Fed. R. Civ. P. 12(b)(6).'" Doc. #17 at 5 (quoting *Collins v. Morgan Stanley Dean Witter* , 224 F.3d 496, 498 (5th Cir. 2000)).

In evaluating a motion for judgment on the pleadings, a court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011); *see Werner v. Dept. of Homeland Sec.*, 441 F. App'x 246, 248 (5th Cir. 2011) (district courts may use discretion in considering documents attached to motion to dismiss if such documents are referenced in complaint and central to plaintiff's claim).

Federal Rule of Civil Procedure 10(c) states that "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." It does not appear that the Fifth Circuit or any district courts within this circuit have addressed whether a newspaper article should

---

[2] Gipson relies on *Shepard v. Cleveland School District*, No. 4:17-cv-91, 2019 WL 441850, at *2 (N.D. Miss. Sept. 16, 2019). Doc. #10 at 5. The exhibit at issue in *Shepard* was presented as evidentiary support for a motion for summary judgment, not a motion for judgment on the pleadings.

be considered a "written instrument" under Rule 10(c). The Seventh Circuit, in affirming the dismissal of a complaint on a Rule 12(b)(6) motion, noted that "[t]he newspaper articles, commentaries and editorial cartoons … attached to the complaint referencing this 'scandal,' are not the type of documentary evidence or 'written instrument[s]' which Fed.R.Civ.P. 10(c) intended to be incorporated into, and made a part of, the complaint." *Perkins v. Silverstein*, 939 F.2d 463, 467 n.2 (7th Cir. 1991).[3]

Here, Raimey's complaint incorporates the newspaper article exhibit but it does not precisely reference any factual content from it. All the complaint does is allege that "[a] detailed summary of the evidence was published in the local newspaper" and "[t]his detailed summary of the evidence is correct," Doc. #1 at 4, without specifying what particular "evidence" it references. Doc. #1 at 4. And though Raimey's memorandum brief references parts of the newspaper article, Doc. #17 at 2–3, her complaint is devoid of such references. For these reasons, this Court, consistent with the Seventh Circuit's view, declines to consider the newspaper article's statements in analyzing the motion for judgment on the pleadings.[4] *See Jackson v. City of Hearne*, 959 F. 3d 194, 205 (5th Cir. 2020) (declining to consider certain documents on 12(b)(6) motion where plaintiff offered only conclusory allegations that documents were incorporated).

## IV
## Factual Allegations

Sharon D. Gipson is the Mayor of the City of Holly Springs, Mississippi. Doc. #1 at 1; Doc. #11 at 3. On June 1, 2023, a heated disagreement occurred between Gipson and Holly Springs Police Chief Glover such that Gipson suspended Glover and asked the governing board to

---

[3] The Seventh Circuit cited "Wright & Miller, Federal Practice and Procedure: Civil 2d § 1327, pp.766–67" in addition to a 1950 opinion it issued. 939 F.2d at 467 n.2.

[4] The Court though accepts as true that the local newspaper published an article regarding the incident.

fire him.   Doc. #1 at 2.   Upon his suspension, Glover called a meeting of his immediate subordinates to explain his suspension.  *Id.*  Vinita Raimey was present at the meeting because of her position as Glover's administrative assistant.  *Id.*

During the meeting, Gipson knocked on the door and Glover directed Raimey to answer the door.  *Id.*  Believing she had opened the door, Raimey sat down.  *Id.*  As Gipson was entering the room, the hydraulic device which controls the door closed and excluded Gipson from the room. *Id.*  After opening the door with her key, Gipson barged into the room, berated Raimey, and directed Raimey to leave the meeting.  *Id.*

After the meeting, Raimey told Gipson that she did not respect her as Mayor.  *Id.* at 3. Based on that, Gipson executed a criminal affidavit claiming Raimey had assaulted her while she was acting in the course of her duties as mayor.[5]  *Id.*  Raimey "had never previously been arrested." *Id.*  A justice court judge found Raimey not guilty.  *Id.* at 4.  Raimey had to receive and continues to receive psychiatric treatment.  *Id.* at 3.

## V
## Analysis

In requesting judgment on the pleadings, Gipson argues that she is entitled to qualified immunity on Raimey's federal claims and that Raimey cannot prove a necessary element of her state law claim.  Commenting that "[Gipson's] motion does not address the Complaint's allegation that the actions of [Gipson] constituted arbitrary government action in violation of the due process clause," Doc. #17 at 12, Raimey responds that her complaint states claims for violations of the First, Fourth, and Fourteenth Amendments, and for malicious prosecution under Mississippi law.

---

[5] The affidavit, which is referenced in and attached to the complaint as an exhibit, states that Raimey "attempted to cause bodily injury to Sharon Gipson by recklessly and aggressively pushing the door closed against Sharon Gipson, which prevented her from entering the room, and injured (minor) Sharon Gipson's right arm. This happened at the police station in Holly Springs, MS (Marshall County) in the course of her duties as mayor of Holly Springs, MS." Doc. #1-1.

### A. Federal Claims

Regarding Raimey's federal claims, Gipson contends that Raimey fails to allege a constitutional violation to support § 1983 claims for malicious prosecution and First Amendment retaliation, and that she "is entitled to qualified immunity … because [Raimey] fails [to] show any violation of a statutory or constitutional right."[6] Doc. #10 at 4–6. Gipson argues that she is entitled to qualified immunity because she "has not engaged in … prosecution against [Raimey] with malice as needed … to succeed on the claim of malicious prosecution," and Raimey "was not acting as a citizen engaging in protected First Amendment speech … but rather an employee subject to the supervision" under Gipson. *Id.* at 6.

### 1. Qualified immunity

The doctrine of qualified immunity "protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011). A plaintiff seeking to defeat qualified immunity must show (1) the official violated a constitutional right, and (2) "the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Darden v. City of Fort Worth, Tex.*., 880 F.3d 722, 727 (5th Cir. 2018) (quoting *Pearson* v. *Callahan*, 555 U.S. 223, 232 (2009)). "Despite this burden-shifting, all reasonable inferences must be drawn in the non-movant plaintiff's favor." *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2017) (citing *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). For a right to be clearly established, it "must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (citing *al-Kidd*, 563 U.S. at 741) (cleaned up).

---

[6] Raimey's complaint specifically mentions 42 U.S.C. § 1983 only in the paragraph alleging subject matter jurisdiction. Doc. #1 at 2. Elsewhere, the complaint alleges that "[a]t all relevant times," Gipson "acted under color of state law." *Id.* at 1, 3.

## 2. Fourth Amendment malicious prosecution claim

Raimey alleges in her complaint that Gipson maliciously prosecuted her in violation of her Fourth Amendment right against unreasonable seizure. *See* Doc. #1 at 3 ("United States Constitution Amendment Fourth prohibits a malicious prosecution, since it represents an unreasonable seizure of a person."); *id*. at 1 ("This is an action to recover damages for malicious prosecution in violation of United States Constitution Amendment Four …."). In seeking judgment on the pleadings as to this claim, Gipson argues that (1) "there is no freestanding constitutional right to be free from malicious prosecution," citing *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Circ. 2003),[7] so Raimey's malicious prosecution claim should be evaluated under Mississippi state law; and (2) Raimey fails to allege any facts to show she acted with malice, as she "could have reasonably believed that [Raimey] intentionally caused the door to injure her," so "no constitutional violation has occurred under Federal or Mississippi law." Doc. #10 at 3–4.

Raimey responds that (1) the Fifth Circuit acknowledged in *Armstrong v. Ashley* that "*Castellano* … has been overruled by *Thompson v. Clark*, 596 U.S. 36 (2022);" (2) qualified immunity does not apply to Gipson because "she was not performing any discretionary act of a mayor when she "decided to make a baseless claim of assault against [her];"[8] and (3) "probable cause was lacking." Doc. #17 at 5, 8.

---

[7] As a "*see also*" reference only, Gipson also cites the Fifth Circuit's opinion in *Morgan v. Chapman*. Doc. #10 at 3. On the page of *Morgan* cited, the Fifth Circuit, stating that "people have a constitutional right to be free from unreasonable searches and unreasonable seizures," explained that "[i]n so far as the defendant's bad actions (that happen to correspond to the tort of malicious prosecution) result in an unreasonable search or seizure, those claims may be asserted under § 1983 as violations of the Fourth Amendment. But that makes them Fourth Amendment claims cognizable under § 1983, *not malicious prosecution claims*." 969 F.3d at 245–46 (emphasis added). But in its 2024 opinion in *Espinal v. City of Houston*, the Fifth Circuit negated its holdings in *Morgan* and *Castellano*, explaining that "[t]imes have changed. In 2022, the Supreme Court 'held that litigants may bring a Fourth Amendment malicious prosecution claim under § 1983.'" 96 F.4th 741, 748 (5th Cir. 2024) (quoting *Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023).

[8] According to Raimey, "[t]here is nothing in state law which gives a mayor the discretionary duty to commence a criminal prosecution. A mayor's duty is to serve as the executive officer of the city, not to initiate criminal prosecutions." Doc. #17 at 7. Given the Court's conclusions below, the Court need not address this argument.

In *Armstrong*, the Fifth Circuit recognized that "[t]he Supreme Court [in *Thompson*] recently held that litigants may bring a Fourth Amendment malicious prosecution claim under § 1983," "overruling [its] precedent in *Castellano*." 60 F.4th 262, 278, 279 (5th Cir. 2023). Consequently, in the Fifth Circuit, "parties asserting a Fourth Amendment malicious prosecution claim under § 1983 must prove "in addition to the threshold element of an unlawful Fourth Amendment seizure:"

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

*Id.* at 279 (citing *Gordy v. Burns*, 294 F.3d 722, 727 (5th Cir. 2002)); *see Chiaverini v. City of Napoleon*, 144 S. Ct. 1745, 1748 (2024) ("To succeed on [a Fourth Amendment malicious prosecution claim under § 1983], a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person."). A "seizure" can be shown by pleading that an arrest occurred or there was a show of authority that restrained the person's liberty. *Torres v. Madrid*, 592 U.S. 306, 311 (2021); *Sauceda v. City of San Benito*, 78 F.4th 174, 187 (5th Cir. 2023); *see Espinal v. City of Houston*, 96 F.4th 741, 745 (5th Cir. 2024) ("arrests are 'seizures' of 'persons'").

Raimey's complaint alleges that she was arrested and charged with a crime and that her arrest and prosecution resulted from Gipson executing a criminal affidavit charging her with assault. Doc. #1 at 3; Doc. #1-1. As the complaint also alleges (and the parties do not dispute), the prosecution ended in Raimey's favor—she was found not guilty and thus not convicted of the crime charged. Doc. #1 at 4; Doc. #1-2.

However, the parties disagree about whether the elements of malice and lack of probable cause are sufficiently pled. *See* Doc. #10 at 4, 6; Doc. #17 at 7–9. Having incorrectly argued that

"there is no freestanding constitutional right to be free from malicious prosecution," Gipson spends little to no time in her brief on the Fourth Amendment malicious prosecution claim. Instead, Gipson focuses all her arguments regarding malice and lack of probable cause on the state law malicious prosecution claim, though she ultimately contends that both Raimey's Fourth Amendment and state law malicious prosecution claims fail for the same reasons—that she "could have reasonably believed that [Raimey] intentionally caused the door to injure her" and she "has not engaged in [a] form of prosecution against [Raimey] with malice." Doc. #10 at 3–6. Raimey primarily directs her arguments to the lack of probable cause element in an effort to show why Gipson is not entitled to qualified immunity but also weaves in arguments that seem to address the malice element too—for instance by, positing that "it is plausible that [Gipson] did not actually believe that [she] had assaulted her, and that the real reason for [Gipson's] prosecution of [her] was that she had told the mayor that she did not respect her." Doc. #17 at 6–8. Significantly, Gipson's failure to file a reply brief leaves Raimey's arguments unaddressed.

Regarding the elements of malice and lack of probable cause, the factual allegations of Raimey's complaint in some instances are conclusory and lack additional detail. Interestingly, the complaint contains more factual allegations describing Gipson's interactions with and feelings about Glover rather than Raimey. Indeed, while Raimey's complaint alleges that Gipson had a heated disagreement with Glover, that Gipson suspended Glover, that Gipson asked for Glover to be fired, and that Gipson detested Glover (which the complaint only mentions in the context of the state law malicious prosecution claim), the factual allegations describing Gipson's interactions with Raimey state only that Raimey is Glover's administrative assistant, Gipson berated Raimey and directed her to leave the meeting, and Raimey told Gipson she did not respect her. Doc. #1 at 2–3. These allegations do not fully explain how or why they sufficiently equate to malice or lack

9

of probable cause, beyond Raimey's conclusory allegation that Gipson executed a "false affidavit" against Raimey "without probable cause." Doc #1 at 3. However, just because a prosecution ends favorably for an accused does not necessarily mean there was no probable cause for its initiation. *See Jenkins v. Gray*, No. 3:05-cv-608, 2006 WL 2708597, at *2 (S.D. Miss. Sep. 20, 2006) ("Where probable cause exists for an arrest, a suit will not lie even if the defendant is later found not guilty.") (citing *Keen v. Simpson County*, 904 So.2d 1157, 1161 (Miss. Ct. App. 2004)). But drawing all reasonable inferences in Raimey's favor, as the Court is obligated to do at this stage, the complaint alleges enough facts to reasonably infer that Gipson unreasonably held against Raimey her detest for Glover in deciding to execute the criminal affidavit against Raimey, after the door Raimey opened closed on Gipson. For this reason, the Court concludes that Raimey's complaint narrowly crosses the plausibility threshold as to her Fourth Amendment malicious prosecution claim.[9]

Gipson though insists that she is entitled to qualified immunity on the Fourth Amendment malicious prosecution claim. Since the Court found Raimey sufficiently alleged a Fourth Amendment constitutional violation, the question becomes whether Raimey's Fourth Amendment right not to be maliciously prosecuted was clearly established as of the date Gipson's alleged misconduct occurred. As explained above, the United Supreme Court's 2022 *Thompson* decision overruled *Castellano* to confirm the existence of a Fourth Amendment malicious prosecution claim. In clarifying the elements of a Fourth Amendment malicious prosecution claim after *Thompson*, the Fifth Circuit in *Armstrong* pointed out that before *Castellano*, in *Gordy v. Burns*, 294 F.3d 722, 755 (5th Cir. 2002), it "had determined that the elements of the state-law tort of

---

[9] In reaching this conclusion, the Court considered what malice is as defined by Mississippi law, which both parties cite in their briefs. *See* Doc. #10 at 3–4; Doc. #17 at 10–11.

10

malicious prosecution and the elements of the constitutional tort of 'Fourth Amendment malicious prosecution' are coextensive" and that following *Thompson*, "the rule in *Gordy* is reinstated and parties asserting a Fourth Amendment malicious prosecution claim under § 1983 must prove [those] elements, in addition to the threshold element of an unlawful Fourth Amendment seizure." *Armstrong*, 60 F.4th at 278. All this authority was in effect before June 1, 2023—the date when the meeting alleged in Raimey's complaint occurred and when Gipson signed the criminal affidavit against Raimey. Doc. #1 at 2; Doc. #1-1. This places beyond doubt that the law establishing Raimey's Fourth Amendment right was well established at the time. And to the extent the complaint's Fourth Amendment malicious prosecution claim boils down to why and with what intent Gipson executed and pursued the criminal affidavit against Raimey, the Court finds such issues better suited for resolution on the evidence, given the parties' competing arguments in that regard. *See, e.g.*, *Green v. Thomas*, No. 3:23-cv-126, at *11 (S.D. Miss. May 20, 2024). So Gipson's motion for judgment on the pleadings as to Raimey's Fourth Amendment malicious prosecution claim will be denied.

### 3. Fourteenth Amendment "arbitrary governmental action" claim

Though Gipson's motion for judgment on the pleadings and her associated memorandum brief request the dismissal of Raimey's entire complaint, Raimey correctly observes that Gipson's memorandum brief "does not address the Complaint's allegation that [her] actions … constituted arbitrary government action in violation of the due process clause." Doc. #17 at 12. Consequently, Raimey's Fourteenth Amendment claim based on "arbitrary governmental action" will not be dismissed under Gipson's motion.

### 4. First Amendment "retaliatory action" claim

Raimey alleges in her complaint that she "exercised her First Amendment free speech

11

rights by telling [Gipson] that she did not respect [her] as Mayor and would refer to her only as Sharon Gipson" and that "[b]ecause she had told [Gipson] she did not respect her, [Gipson] executed a false affidavit" against her, leading to her arrest.  Doc. #1 at 3.  In seeking judgment on the pleadings as to Raimey's First Amendment retaliation claim, Gipson argues that such speech by Raimey "cannot be considered a matter of public concern" because Raimey's "words to [her] were conducted in a private setting, not a public forum, and were personal remarks directed at [her], and not about any political or social concerns."  Doc. #10 at 5, 6.  Gipson also argues that Raimey "must show that she suffered an adverse employment action as a result of speech involving a public concern … and that the adverse action was motivated by the protected speech" since Raimey "admits that she was acting as an employee" then.  *Id.* at 5.

In response, Raimey acknowledges that she largely reiterates her arguments in her memorandum brief opposing judgment on the pleadings as to her malicious prosecution claim. *See* Doc. #17 at 11 ("[Her] First Amendment claim has largely already been discussed in the context of responding to [Gipson's] argument on the malicious prosecution claim."); *id.* at 11–12. Beyond that, Raimey quotes text from *Massey v. Wharton*, 477 Fed. App'x 256, 263 (5th Cir. 2012), stating the United States Supreme Court's holding "'that the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers,'"[10] and though recognizing that Gipson "is a mayor, rather than a police officer," contends such "make[s] no difference" because the First Amendment "does not protect freedom of speech only when the speech is directed toward police officers."  *Id.*  Raimey further characterizes as irrelevant Gipson's argument that she must show an adverse employment action resulting from speech involving matters of public concern because "[t]his is not an employment case" and she "has never alleged

---

[10] As an "*accord*" reference, Raimey cites *Enlow v. Tishomingo County*, 962 F.2d 501, 509 (5th Cir. 1992).

that she was discharged from her employment." *Id.* at 12.

To state a First Amendment retaliation claim, a plaintiff must show "1) [s]he was engaged in constitutionally protected activity, 2) the defendants' actions caused [her] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and 3) the defendants' adverse actions were substantially motivated against [her] exercise of constitutionally protected conduct." *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

Gipson certainly is not a police officer.  But yet all the authorities Raimey cites concern speech to police officers.  Regardless, the sufficiency of Raimey's allegations fails on the second element, which "requires some showing that the plaintiff's exercise of free speech has been curtailed," *id.* at 259, even drawing all reasonable inferences in Raimey's favor.  Raimey's allegation that Gipson "executed a criminal affidavit against [her] … because [she] had exercised her First Amendment rights," Doc. #1 at 3, is conclusory.  And her allegation that Gipson's execution of the criminal affidavit "caused [her] mental anxiety [requiring] psychiatric treatment," *id.*, is not only conclusory but does not adequately demonstrate that she "reduced or changed [her] exercise of free speech in any way." *See McLin v. Ard*, 866 F.3d 682, 687 (5th Cir. 2017) (allegation of "great personal damage" resulting from defendant's actions did not demonstrate plaintiff altered or reduced his exercise of free speech).  Because Raimey fails to allege sufficient facts to support her First Amendment retaliation claim, judgment on the pleadings will be granted as to such claim.

### B.  State Law Malicious Prosecution Claim

As her state law malicious prosecution claim, Raimey alleges that her "prosecution … was not undertaken for any legitimate belief that [she] was guilty of any crime, but was instituted because of the malice which [Gipson] had against [her] because she was the Administrative

Assistant to the Police Chief, whom [Gipson] detested, and because [she] was exercising First Amendment rights." Doc. #1 at 4. In seeking judgment on the pleadings on this claim, Gipson argues that Raimey fails to allege any facts to show she acted with malice, and she "could have reasonably believed that [Raimey] intentionally caused the door to injure her." Doc. #10 at 4. In response, Raimey counters that no probable cause existed for Gipson to sign the affidavit against her;[11] Gipson's argument that she reasonably believed Raimey intentionally caused the door to injure here is impermissibly drawing inferences in Gipson's favor; and "[a]n 'absence of probable cause for the prosecution is circumstantial evidence of malice.'" Doc. #17 at 10 (quoting *Benjamin v. Hooper Electronic Supply Co.*, 568 So. 2d 1182, 1191 (Miss. 1990).

As both Gipson and Raimey point out, lack of probable cause and malice are two of the elements of a malicious prosecution claim under Mississippi law. Doc. #10 at 4; Doc. #17 at 9. For the same reasons the Court concluded that Raimey sufficiently stated a Fourth Amendment malicious prosecution claim, her state law malicious prosecution claim is sufficient too. Gipson's motion for judgment on the pleadings will be denied on the state law malicious prosecution claim.

### C. Summary

Judgment on the pleadings will be denied as to Raimey's Fourth Amendment malicious prosecution claim, Fourteenth Amendment arbitrary governmental action claim, and state law malicious prosecution claim; but granted on the First Amendment retaliation claim.

### VI
### Conclusion

Gipson's "Motion for Judgment on the Pleadings" [9] is **GRANTED in Part and**

---

[11] According to Raimey, "Here, about all that can establish probable cause, for purposes of the malicious prosecution tort, is that the justice court judge issued a warrant for [her] arrest. The warrant, however, cannot break the chain of causation. Arresting [her] for a nonexisting assault in order to retaliate against her because of statements that she made, could not be found by any reasonable person to be an arrest with probable cause." Doc. #17 at 8.

**DENIED in Part**. It is GRANTED as to the First Amendment retaliation claim. It is DENIED in all other respects.

   **SO ORDERED**, this 27th day of September, 2024.

            **/s/Debra M. Brown**    
            **UNITED STATES DISTRICT JUDGE**